IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:22-cr-55 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| ALBERT WU, et al., | : | |
| Defendants. | : | |

## ORDER DENYING DEFENDANTS' MOTION TO TERMINATE PROBATION (Doc. 44)

This matter is before the Court on Defendants' Motion to Terminate Probation (Doc. 44). The Government does not oppose the motion. (*See id.* at Pg. ID 338.) Thus, this matter is ripe for review. For the following reasons, Defendants' Motion to Terminate Probation (Doc. 44) is **DENIED**.

On November 2, 2022, Defendant Albert Wu pled guilty to Introduction of a Misbranded Device into Interstate Commerce with Intent to Defraud or Mislead, and Defendant Maria Wu pled guilty to Introduction of a Misbranded Device into Interstate Commerce. (11/2/2022 Minute Entries; Plea Agreements, Docs. 4, 5.) On May 23, 2023, the Court sentenced both Defendants to one-year terms of probation. (Judgments, Docs. 32, 34.) Now, Defendants request that the Court terminate their terms of probation early.

The early termination of probation is governed by 18 U.S.C. § 3564(c), which reads:

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the

Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

As a threshold matter, the Court must examine the specific offenses involved in these cases. Maria Wu pled guilty to Introduction of a Misbranded Device into Interstate Commerce, in violation of 21 U.S.C. §§ 331(a) and 333(a)(1). (Maria Wu Plea Agreement, Doc. 5, ¶ 1.) Because Maria Wu pled guilty to section 331(a)(1), which does not include the "with the intent to defraud or mislead" element, this offense constitutes a misdemeanor with a maximum of one year imprisonment. *See* 21 U.S.C. § 333(a)(1). In contrast, Albert Wu pled guilty to Introduction of a Misbranded Device into Interstate Commerce with Intent to Defraud or Mislead, in violation of 21 U.S.C. §§ 331(a) and 333(a)(2), which includes the "with the intent to defraud or mislead" element. (Albert Wu Plea Agreement, Doc. 4, ¶¶ 1, 2.) This offense constitutes a felony with a maximum term of imprisonment of three years. *See* 21 U.S.C. § 333(a)(2).

Accordingly, because Albert Wu pled guilty to a felony offense, the Court may only terminate his term of probation after he has served at least one year of probation. *See* 18 U.S.C. § 3564(c). The Court imposed Albert Wu's term of probation on May 23, 2023. (Judgment, Doc. 34.) Therefore, as of today, he has not served at least one year of probation. The Court therefore denies Albert Wu's motion to terminate probation.

On the other hand, because Maria Wu pled guilty to a misdemeanor offense, the Court may weigh the 18 U.S.C. § 3553(a) factors, Maria Wu's conduct, and the interests

of justice in determining whether to terminate her probation. *See* 18 U.S.C. § 3564(c). Maria Wu points out that she has satisfied all conditions of her probation—including the prompt payment of a $237,758 forfeiture in line with 18 U.S.C. § 3553(a)(7). (Motion to Terminate, Doc. 44, Pg. ID 338.) While this is one consideration, the Court still finds that the one-year term of probation is a sufficient, but not greater than necessary, sentence under 18 U.S.C. § 3553.

Defendants' Motion to Terminate Probation (Doc. 44) is therefore **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND